# STATE OF MICHIGAN

# COURT OF APPEALS

MJR GROUP, LLC,

Petitioner-Appellee,

v

DEPARTMENT OF TREASURY,

Respondent-Appellant.

UNPUBLISHED
December 29, 2016

No. 329119
Tax Tribunal
LC No. 00-441767

Before: RONAYNE KRAUSE, P.J., and O'CONNELL and GLEICHER, JJ.

RONAYNE KRAUSE, P.J. *(dissenting)*

I respectfully dissent. Far from supporting the determination of the Michigan Tax Tribunal (MTT), the evidence unequivocally establishes that petitioner's Vice President of Operations *intended* to pay any sales tax out of petitioner's "bottom line," but mathematically proves that petitioner *actually* collected the sales tax from its customers. There appears to be no real doubt as to the facts themselves; rather, the MTT and the majority inexplicably ignore petitioner's undisputed conduct in favor of the expressed subjective beliefs of some of petitioner's executives. The arithmetic is simple, straightforward, and, I would have thought, inarguable. I would reverse and remand for judgment in favor of respondent.

The MTT observed that there was "vast documentation" explaining *how* petitioner calculated the amount of tax it owed, but none of it established whether petitioner or the customers paid it. This, however, makes little sense, because the manner in which petitioner calculated the amount of tax owed *does* establish who paid it. The MTT noted that petitioner did not simply multiply its gross concession sales by 6% to compute the sales tax owed; rather, it applied an "in gross calculation" of dividing the gross sales by 1.06 "to determine the gross concessions *without sales tax*; then, the 6% sales tax was computed using this number" (emphasis in original). This is, quite simply, all we needed to know.

To clarify, the sales tax rate is 6%. Consequently, if an item is priced at $1.00, then $0.06 is owed in sales tax. If the customer pays this tax, the final cost to the customer would be $1.06, and the seller would retain total proceeds of the listed price of $1.00. If the seller pays this tax, then the final cost to the customer would be the $1.00 list price *and* the seller would be required to remit $0.06, leaving the seller with total proceeds of $0.94. If the listed price *includes* sales tax *paid by the customer*, then the "true" price of the item would be approximately $0.9434, which is therefore the amount the seller should retain, the remainder being owed in

-1-

sales tax. Although the difference is less than one cent per dollar, the practical significance is that if the listed price includes tax collected from the customers, the seller is required to remit less money in sales tax than if the listed price does not include tax and the seller chooses to absorb the sales tax cost. Petitioner's calculations are consistent with including tax in the price rather than absorbing it. Whether the listed prices were intended to include sales tax or whether the in gross calculation was a mistake, what matters is that petitioner actually did collect, and thus owes, the sales tax. The majority misunderstands the implications of what petitioner's records show.

In the absence of fraud, appellate review of an MTT decision is limited to misapplication of the law or adoption of a wrong principle. *Briggs Tax Serv, LLC v Detroit Pub Sch*, 485 Mich 69, 75; 780 NW2d 753 (2010). I conclude that the MTT's elevation of petitioner's intentions over its actions constituted the adoption of a wrong principle. Tax collected by mistake *is still tax collected*. It is abundantly clear that those responsible for setting prices and those responsible for processing the proceeds never adequately communicated and had no functional understanding of what the other was doing. It is unrefuted that petitioner's management intended to pay the sales tax itself, but it is irrefutable that the tax was in fact ultimately paid by the customers, leaving petitioner with slightly more revenue after all was said and done, but precluding its right to a refund here.

By applying a wrong principle, the MTT committed an error of law in concluding that petitioner was entitled to a refund, because a refund would unjustly enrich petitioner. MCL 205.73(4). Therefore, I would reverse the MTT's judgment for petitioner and remand for entry of judgment in favor of respondent.

/s/ Amy Ronayne Krause